# ´TAYLOR *v.* WARNAKY.

RIGHT OF WAY.—Where one grants land to another, which is wholly surrounded by other land of the grantor, or partly by land of the grantor and partly by land of a stranger, a "way of necessity" arises in favor of the grantee over the land of the grantor.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twenty-second District Court, County of Sonoma. TEMPLE, J.

The facts are stated in the opinion.

*W. W. Porter*, and *J. G. Presley*, for Appellant.

The common law "right of way of necessity," if it ever had any force or existence in this State, did not exist when this action was commenced, as the sixth subdivision of § 1238 of the Code of Civil Procedure is a substitute for it. The principle does not prevail in any case where the statute provides a remedy by condemnation. (*Brewer* v. *Bowman*, 9 Ga. 37 ; *Harvey* v. *Thomas*, 10 Watts, 63 ; *Pacopson Road Case*, 16 Penn. 15 ; *Hays* v. *Reisher*, 32 id. 169 ; *Commonw.* v. *Inhabitants of Newbury*, 2 Pick. 51–7 ; *Commonw.* v. *Low*, 3 id. 408 ; Code Civ. Proc. § 1238 ; subd. 6 § 1241, § 1252.)

*Johnson & Henley*, for Respondent.

The Court found that there was a "way of necessity," and this finding is clearly sustained by the evidence. (Wash. on Easements, 3rd ed. 42, 43, 232–3, 237, 269 ; *Cave* v. *Crafts*, 53 Cal. 135.)

McKINSTRY, J.:

A "way of necessity" can only be created over one or two parcels of land of which the grantor was the owner when the same was conveyed or reserved ; and it arises in favor of such parcel when the same is wholly surrounded by the grantor's other land, or partly by this and partly by land of a stranger. This arises from the effect of the grant or reservation of the

land itself, and is so far appurtenant to it as to pass with the land to another, provided he have no other way of access to the same. (Washburn's Easem. and Serv., side p. 163, and cases there cited.)

Both the plaintiff and defendant derived title from the same source. The grantors of plaintiff's immediate grantor were the owners of a tract which included both the lands of plaintiff and those subsequently by them conveyed to defendant—the latter adjoining those of the plaintiff, and lying between them and the county road. When the original owners conveyed to plaintiff's grantor, the tract conveyed was entirely surrounded by other lands of such owners, and the lands of third parties. Neither the plaintiff nor his immediate grantor acquired a right of way through the lands of any person other than the original owners. "It would be simply absurd under the common law to pretend that A. could, by any form of grant, create a servitude upon the land of a stranger in favor of land which he should convey to his grantee." (Id.)

The findings present all the facts essential to create a "way of necessity." The plaintiff is not driven to a proceeding to condemn the land on payment of its value, since the right of way was acquired by him and his immediate grantor as appurtenant to the grant of his land.

Judgment and order affirmed.

Ross, J., and McKee, J., concurred.