# Richmond.

## C. S. SHOEMAKER v. BOWMAN, RECEIVER,

### AND

## ROBERT E. SHOEMAKER v. SAME.

### NOVEMBER 22, 1900.

Absent, Phlegar, J.*

1. APPEAL AND ERROR—*Amount in Controversy—Injunctions—Sections 3454 and 3455 of Code.*—No appeal lies from a decree dissolving an injunction where the subject involved is pecuniary, and is of less amount than $500. The right of appeal given by section 3454 of the Code is limited by section 3455.

Appeals from decrees pronounced by the Circuit Court of Rockingham county April 23, 1900, in two several chancery suits, wherein the appellants, respectively, were the complainants, and the appellees were the defendants.

*Dismissed.*

The opinion states the case.

*John E. Roller,* for the appellants.

*Winfield Liggett,* for the appellees.

HARRISON, J., delivered the opinion of the court.

Upon the merits of these cases, the sole question is, can one partner, where it is necessary in the usual course of business,

*This case was argued and submitted before Judge Phlegar qualified.

without the consent of his copartner, and with no other authority than that derived from his general power as agent, execute negotiable paper containing a waiver of the homestead, and thereby deprive such copartner of the right, as against said notes, to claim the homestead exemption in his individual property? This is an important question, but it can only be settled in a case, in which this court has the power under the law to decide it; jurisdiction being indispensable to a valid decree. It is to be regretted that the cause must be disposed of upon a point not argued or suggested by counsel, but a careful examination of the record satisfies us that there is no escape from the conclusion that we are without jurisdiction in the premises.

At the April term, 1899, of the Circuit Court of Rockingham county, the appellee, Bowman, receiver, obtained a judgment against J. A. Shoemaker, and the appellants, partners doing business as J. A. Shoemaker & Sons, for $204, with interest from April 7, 1899, and $28.39 costs. Subsequently the appellants, each by a separate proceeding in his own behalf, obtained an injunction to restrain the sheriff of Rockingham county and all others from making sale of certain personal property levied on to satisfy an execution issued upon said judgment, upon the ground that such property was exempt to the appellants in part, under the poor debtors' law, and as to the residue by virtue of the homestead exemption. The appellee answered, denying that the judgment in his favor was inferior to the claim of homestead, as alleged in the bill, insisting that the benefit of such exemption was expressly waived in the obligations upon which the judgment was obtained. Upon the hearing, the Circuit Court dissolved the injunction, as to the property not exempt under the poor debtors' law, holding that, when J. A. Shoemaker, in the firm name of J. A. Shoemaker & Sons, executed the notes upon which the judgment was obtained, he, as effectually waived the benefit of the homestead exemption of his partners, the appellants, as if they had been personally

present and had signed the same. From this decree the cause comes before us to be heard.

It is clear that the amount in controversy is not sufficient to give this court jurisdiction.

It is not ·suggested by the record, or in argument, that any constitutional·question is involved, nor do we perceive that the validity of any statute can be controverted. On the contrary, it is conceded that, under the constitution and laws passed in pursuance thereof, as construed by this court, a claimant has the right to waive his homestead exemption. The only dispute herein involved is whether the appellants have, by the act of their copartner, waived the benefit of their homestead exemption as to the notes upon which the judgment in question was obtained.

Nor can the appeal be maintained upon the ground that the decree complained of dissolves an injunction. It is true that section 3454 of the Code provides that there may be an appeal from a decree dissolving an injunction, but sections 3454 and 3455 taken together, provide in what cases a petition for appeal, writ of error, or *supersedeas,* may be presented. Section 3454° by itself would give jurisdiction to this court in every case, but this power is limited by section 3455, which declares in what cases such right of appeal, writ or error or *supersedeas* is prohibited. Section 3454, therefore, secures the right · to an appeal in the case at bar, unless it is prohibited by section 3455. *Price, Auditor,* v. *Smith,* 93 Va. 14. . Under the two sections named, there could be no appeal in the case at bar, unless the amount involved was $500. It is nearly always the case that the dissolution of an injunction involves such consequences, that the right of the parties in respect thereto should be finally settled before any further proceeding is had, and section 3454 was intended to give the right of appeal from such a decree, although it be only an

interlocutory decree; but, to entitle the party aggrieved to the appeal, the amount involved must be $500, exclusive of cost.

The amount in controversy being only $204, with interest thereon from April 7, 1899, and no other ground of jurisdiction appearing, the appeals in these cases must be dismissed as improvidently awarded.

*Dismissed.*