ALICE P. ANDERSON et als. *vs.* GEORGE EDWIN DYER et al.

Cumberland.     Opinion November 25, 1910.

*Easements.   User.   Right of Way.   Prescription.   Presumption.*

1.  A public right by user is not gained by an occasional use of a parcel of land twenty feet square for the more convenient turning of teams.

2.  A public right of way over land is not gained by user unless the use was adverse, as of right, without permission of the owner.

3.  There is no presumption that the use of land as a way by the public is without the permission of the owner. Such want of permission must be shown affirmatively by evidence from which it can be inferred.

On report.   Judgment for defendants.

Action on the case to recover damages "caused by the alleged wrongful act of the defendants in erecting a fence and obstructing a certain right of way and easement, claimed to have been gained by the plaintiffs by prescription in common with the inhabitants and public at large of the city of Portland, by open, adverse and uninterrupted use of the same under claim of right for more than twenty years." Plea, the general issue. At the conclusion of the evidence, the case was reported to the Law Court for determination.

The case is stated in the opinion.

*LeRoy L. Hight, and Robert Treat Whitehouse,* for plaintiffs.
*Charles J. Nichols, and Foster & Foster,* for defendant.

SITTING:   EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J.   In the business district of Portland is a business square bounded on the four sides by business streets, viz.:   Exchange, Milk, Market and Fore streets.   This square is covered by buildings facing the street, except an open space or court in the rear of, and bounded by, the rear walls of the buildings, and also except a narrow passage into this open space from Market street.   This open space

was not set apart for the common use of the owners or occupants of the various buildings bordering on it, but, as to the fee, was and is owned by different owners in severalty.

In 1878 Mrs. Carroll and Mrs. Day were the owners in common of several lots and buildings on this square which lots, each, included more or less of the above described open space or court in the rear of the buildings. They made a division of their property and in the division established over the lots a definite passage way from Market street, for the use of themselves, their heirs, assigns, tenants and occupants of the lands included in the division and for the use of all persons having business there with them.

As a result of this division, the defendants became the owners, through Mrs. Day, of a lot on Fore street upon which lot was and is a store extending from Fore street back to within about twenty feet of the rear line of the lot, so that in the rear of the store there was left of the lot a small, open space about twenty feet square. The plaintiffs are the owners of lots adjoining the defendants' lot and their lots are fully occupied by buildings extending back to the rear lines. As their title did not come to them under the Carroll-Day division, the plaintiffs have no right by grant in the passage way established in that division, but they and their predecessors in title had been wont for some years (less than twenty) to make use of the Carroll-Day passage way and also of the open part of the defendants' lot in the transportation of articles to and from their buildings. In 1906 the defendants fenced the open part of their lot and prevented the plaintiffs from making any further use of it. The plaintiffs thereupon brought this action to recover damages caused them by that obstruction.

The plaintiffs do not claim any right over this part of the defendants' lot by grant, nor any private right by prescription, and they concede the evidence would not support either such claim. They concede also there is not sufficient evidence to establish a dedication of the land to the public. They base their right of action solely on the proposition that the small open space on the defendants' lot in the rear of their store had become a public way by the use of it as a way by the public in the manner and for the time

requisite for making it a public way; and that they, the plaintiffs, have suffered special damage from its obstruction by the defendants. The burden is upon the plaintiffs to establish their proposition to the reasonable satisfaction of the court by a fair preponderance of legal and applicable evidence.

We do not think the plaintiffs have sustained their burden. There does not appear to have been any general use of the defendants' land by the public. There was no use of it as a thoroughfare. Indeed the whole open space or court in the rear of the various buildings was a cul de sac. There was no way through. Only persons having private business with the occupants of buildings abutting on that court, appear to have used it, and even that use was limited and intermittent. Further, the only use made by such persons of the small open space upon the defendants' land was momentary, for the more convenient turning of their teams. Still further, and finally, it does not appear that the use was not permissive, which is an essential element to be proved affirmatively. There is no evidence that the turning of teams was so frequent, or occupied so much space, as to injure the land or cause any interference with any use the owners had occasion to make of it; nor is there any evidence of any objection made by the owners or occupants. In the absence of such evidence we do not think it should be inferred from all the evidence that the use was adverse as of right and not permissive. *Mayberry* v. *Standish*, 56 Maine, 342, 353.

*Judgment for the defendants.*