## Conley, et al. v. Fairchild.

(Decided February 14, 1911.)

### Appeal from Magoffin Circuit Court.

Lands—Passways—Belonging to Land Passes With it Unless Reserved. A right or appurtenance belonging to land passes with the land unless expressly reserved, and the fact that one has another outlet can not militate against his right to use the one that was established and in use at the time he became the owner of the land.

McGUIRE & McGUIRE, R. H. COOPER and J. H. SUBLETT for appellants.

JOHN H. GARDNER for appellee.

Opinion of the Court by Judge Lassing—Affirming.

This appeal involves the right of appellee to a passway over the lands of appellant. Appellant's father was the owner of a large body of land in Magoffin county, Kentucky, and, some time prior to 1883, sold off a small tract to one Ezekiel Gullet. In 1883 he sold, by title bond, another tract to John Fairchild, father of appellee, and

still another tract to appellee in the same year. Appellee purchased of his father the lands for which he held a title bond from appellant's father, and, in April, 1884, received a deed for the land which he and his father had purchased from Louis P. Conley, the father of appellant. At the same time that the deed was executed, the following writing was executed by Louis P. Conley and his wife, and delivered to John Fairchild:

"For a good and valuable consideration, to-wit: Ten dollars, in price of land this day conveyed to Samuel W. Fairchild, I hereby agree and bind myself to give said Fairchild a passway over my lands that is a good way for a wagon road leading from the land this day conveyed to said Fairchild by me and my wife to Licking river, that is so long as I remain the owner of said land said way to be open to said Fairchild at his pleasure and without stop of hindrance on my part.

"Witness my hand this 19th of April, 1884.

"L. P. Conley,
"Sarah Conley."

The passway described in the pleadings was used without objection until the death of Louis P. Conley, when appellant, having become the owner of a portion of the land over which the passway run, attempted to close it. The effort brought on a law suit, of which this appeal is the offspring.

The evidence shows that Gullet had no other passway from his purchase to the public road except over the lands of appellant's father, and that he used the passway in dispute, along with appellee, as long as he owned the land. Appellee bought Gullet's land, and relies upon and claims said passway as an appurtenance to the Gullet land; and he also pleads, that when he contracted for his own land in 1883, there was no other passway from it to the public road except over the land of appellant's father, and that this sale to him carried with it a right to go to and from it to the public road.

The chancellor held in favor of appellee, and adjudged him entitled to the passway. We are of opinion that this judgment was right, for the twofold reason, first, because the evidence shows that, before the deed was made to appellee, he had moved upon his purchase and was using the passway in question—not under any written contract, but under his agreement of purchase; that it belonged to him as an outlet to his land; and sec-

ond, because it passed with the Gullet land to the appellee. It will not do to say that a right or appurtenance which belonged to Gullet's land did not pass with its conveyance because not especially set out or named in the conveyance. The true rule would seem to be that it did pass unless expressly reserved. Appellee knew that the passway belonged to the Gullet land and was for its use, and the knowledge of its existence may have induced him to buy it, or pay more for it than he would otherwise have been willing to pay. The fact that appellee had another outlet or outlets can not militate against his right to this one, and we have not considered the evidence as to the availability or suitability of other outlets.

The decided weight of the evidence supports appellee's contention that the writing relied upon by appellant was not executed to him, or at his request, but to his father, without his knowledge.

On the whole case, considering the fact that appellant's father owned all of this land, to which there was no good outlet, if any at all, and that, before the execution of the writing relied upon by appellant, the appellee and his vendor, Gullet, were using this passway to their land as a matter of right, we are of opinion that the writing which was executed under the circumstances set out in the evidence, can not in any way abridge the rights of appellee to the use of said passway.

Judgment affirmed.