## THOMAS *v.* McCoy ET AL.

[No. 7,044. Filed October 4, 1911.]

1. NEW TRIAL.—*Statutory.—When Demandable.—How Determined.*—Whether a new trial as a matter of right is demandable in a given case is determined by a consideration of the issues therein prosecuted to final judgment. p. 404.

2. EASEMENTS.—*Rights of Way.—Implied Grants of.—Complaint.*—A complaint alleging that plaintiff's joint grantors conveyed to him a tract of land having no outlet except over their retained land, and that subsequently they conveyed such retained land to defendants, shows that the plaintiff's deed carried with it an implied grant of a way as of necessity over defendants' land. p. 404.

3. EASEMENTS.—*Servient Estates.—Subsequent Grantees.*—Subsequent grantees of land burdened with an easement take such land subject thereto. p. 405.

4. EASEMENTS.—*Character of Estate.—Extinguishment.*—A right of way over land constitutes an interest therein; and such interest, whether acquired by adverse use, or by express or implied grant, can be extinguished only in a mode recognized by law. p. 405.

5. NEW TRIAL.—*Statutory.—Easements.*—In a suit to confirm a right of way as of necessity a new trial as a matter of right is demandable. p. 406.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Suit by Harvey Thomas against Ellen McCoy and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant. *David T. Taylor* and *Frank M. Hughson,* for appellees.

MYERS, J.—On September 5, 1905, appellant commenced this suit against appellees, to confirm a way of necessity across appellees' land. The issues submitted to the court for trial were formed by a complaint, answered by (1) a general denial, (2) the fifteen-year statute of limitations, (3) former adjudication. There was a reply in denial. A trial resulted in a finding and judgment in favor of appellees.

Appellant's motion for a new trial as of right was overruled, and on this ruling is based the only error here assigned. As this case comes to us, our inquiry is limited to the question, Was appellant entitled to a new trial as of right? This question must be answered from an examination of the issues prosecuted to final judgment.

The complaint shows that appellant is the owner of the northeast quarter of the southwest quarter of a certain section of land in Jay county, and that appellees own the north half of the southeast quarter of the same section; that on September 14, 1883, Leander D. Small and Jay B. McIntyre were the joint owners of said tracts, and on that day by deed conveyed to appellant the parcel now owned by him, retaining the tract that they thereafter sold and conveyed, and which is now owned by appellees; that appellant's land, which is valuable for agricultural purposes, is completely surrounded by the lands of other persons, and is one-quarter of a mile from any public highway, without a road or way leading to any highway; that the most direct outlet from his land to a public highway is east across the adjoining land of appellees, that abuts

on a highway; that appellant, in writing, requested appellees to mark out a way over their land for his use, which was refused, and on August 28, 1905, appellant located, marked out and described a way one rod wide along the south side of appellees' land, and notified them of his action in that regard; that appellees refused and still refuse to permit him to pass over their land to said highway.

The facts exhibited by the complaint—the substance of which we have set out—show that appellant's deed from Small and McIntyre, by operation of law carried with it an implied grant of a way as of necessity to a public highway over the land retained by them. *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 40 L. R. A. 105. As was said in the case of *Logan* v. *Stogsdale* (1890), 123 Ind. 372, 8 L. R. A. 58: ''The theory is that where land is sold that has no outlet, the vendor grants one over the parcel of which he retains the ownership.'' Appellees occupy the position of

3. appellant's grantors; and as the law implied a grant at the time the common grantor conveyed to appellant, and as that grant was prior to the regular chain of conveyances which passed the title to the land in question to appellees, the latter must carry into effect their predecessors' implied grant. *Logan* v. *Stogsdale, supra; Ritchey* v. *Welsh, supra; Taylor* v. *Warnaky* (1880), 55 Cal. 350; *Nichols* v. *Luce* (1834), 24 Pick. (Mass.) 102, 35 Am. Dec. 302. A right of way over land is an interest therein (*Indiana, etc., R. Co.* v. *Allen* [1888], 113 Ind. 581, 591), and whether such right be acquired by adverse use, or by ex-

4. press or implied grant, it cannot be extinguished except in a mode recognized by law. Appellant shows that a way of necessity exists in his favor, which is denied by the owners of the servient estate, thereby tendering an issue involving the right of appellant to a separate and independent interest in the land. This right was directly in question, and was necessarily adjudicated.

In the case of *Morgan* v. *Moore* (1855), 3 Gray 319, 322, it

was said: "The right to a fee, and the right to an easement in the same estate, are rights independent of each other, and may well subsist together, when vested in different persons. Each can maintain an action to vindicate and establish his right; the former to protect and force his seizin of the fee; the latter to prevent a disturbance of his easement."

In the case of *Davidson* v. *Nicholson* (1877), 59 Ind. 411, it was held that a suit would lie to quiet title to an easement, and the court quoted with approval the language we have taken from the case of *Morgan* v. *Moore, supra.* See, also, *McAllister* v. *Henderson* (1893), 134 Ind. 453, 460. Section 1110 Burns 1908, §1064 R. S. 1881, allows to the losing party in a suit to quiet title to an interest in real estate a new trial as of right, and the following cases were held to be within this statute. To establish title to land: *Shucraft* v. *Davidson* (1862), 19 Ind. 98; to revest title in an owner whose land had been obtained from him by fraud: *Warburton* v. *Crouch* (1886), 108 Ind. 83; by parties, not creditors, setting a deed aside to recover land: *Anderson* v. *Anderson* (1891), 128 Ind. 254; "by heirs at law to set aside a deed of their ancestor, and praying to quiet their title to the lands:" *Physio-Medical College* v. *Wilkinson* (1883), 89 Ind. 23; "to annul a conveyance and revest the title in an owner who had been induced to part with it by imposition and fraud:" *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530; by a lessee for the recovery of a leasehold interest in lands: *Campbell* v. *Hunt* (1885), 104 Ind. 210.

The case at bar calls for the adjudication of a right of way acquired by grant over land, and is, therefore, within the statute authorizing a new trial as of right.

Judgment reversed, with instructions to sustain appellant's motion, and grant him a new trial.