# T. IRVIN ZIMMERMAN vs. CHARLES T. COCKEY AND MARY C. COCKEY, HIS WIFE.

*Grantor and grantee: right of way through grantor's land;*
*when implied; subsequent grantees; rights against;*
*ways of necessity.*

Where land is conveyed by one person to another, and the lot so transferred is entirely enclosed by the lands of others, the grantee is entitled by implication to a right of way over the lands of his grantor, as a way of necessity, so that he may have means of ingress from and egress to the nearest public way.                                             p. 496

The test is the question of reasonable access to the property by the party claiming to be entitled to a way of necessity.  p. 496

The right can not be diverted by any subsequent grant of land of the grantor.                                          p. 497

Where the way claimed by the grantee was only some 37 feet over an abandoned railway right of way and the way purposed by the grantor was over some 400 feet of road, *existing on paper only, it was held that* the former was the more reasonable.                                                       p. 497

Where a grantor of a lot conveyed it subject to a right of way in a third party (a prior grantee of the same grantor), although the reservation might not give the prior grantee any right of action against the subsequent grantee, yet where the prior grantee was entitled to a way of necessity, his right exists against the subsequent grantee, even though not specified in the deed to the latter.                              p. 497

The fact of the reservation is important as designating the location by the grantor and also as putting the second grantee on notice.                                    pp. 497-498

*Decided July 10th, 1912.*

Appeal from the Circuit Court for Baltimore County, in Equity (DUNCAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*T. Scott Offutt* (with whom was *Laban Sparks* on the brief), for the appellant.

*Elmer J. Cook,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The West Arlington Improvement Company on the 3rd of January, 1901, conveyed to Charles T. Cockey, Jr., a lot of land by the following description:

"Beginning for the same at the intersection of the southeast side of Granada avenue and the north side of the roadway now occupied by the tracks of the Western Maryland Railroad; thence northeasterly along the southeast side of Granada avenue two hundred and seventy-four feet more or less to the roadway formerly occupied by the Arlington and Pimlico Railroad tracks; thence southeasterly along said roadway of the said Arlington and Pimlico Railroad to a point where said roadway is intersected by the Western Maryland Railroad, and thence northwesterly along said Western Maryland Railroad three hundred and eighty feet more or less to the place of beginning. Being Section No. Four on a plat recorded among the records of Baltimore county in Liber J. W. S. No. 147, folio 113, etc.

About eight years later, on January 12th, 1909, the same grantor, the West Arlington Improvement Company, conveyed to Mr. Cockey the lot designated as "5" on the same plat as that referred to in the deed of 1901 by the following description:

"Beginning for the same on the northeast line of the original right of way, sixty-six feet wide, of the Western Mary-

land Railroad, where it would be intersected by the line produced northerly, of the west side of Granada avenue fifty feet wide, as laid down on the plat of West Arlington, said beginning being at the distance of three hundred and sixty-nine feet and ten inches northerly from the northwest corner of Granada and Evergreen avenues, and running thence binding on the northeast line of the right of way of the Western Maryland Railroad north sixty-eight degrees and forty-six minutes, west eighty feet and nine inches to the beginning of the second parcel, in a deed from the West Arlington Improvement Company, to the Western Maryland Railroad Company, dated on or about November 3rd, 1905: thence binding on the last line of said second parcel reversely, north fifty-four degrees and twenty-six minutes, west two hundred and thirteen feet and eight and one-half inches; thence south eighty-nine degrees and twenty-nine minutes, east eighty feet and three inches, to the beginning of the last line of the land described in a deed from Susan F. Clark *et al.* to George R. Webb, etc., dated May 17th, 1890, and recorded among the Land Records of Baltimore City in Liber J. B. No. 1293, folio 32, etc.; thence binding on the outlines of said land reversely, north eighty-five degrees and eight minutes, east forty-nine feet and six inches, and north fifty-six degrees and fifty-three minutes, east two hundred and eighty-nine feet to intersect a line drawn from the beginning north twenty-one degrees and fourteen minutes east, and thence reversing said line so drawn, and binding thereon, and along the northwest side of a road forty feet wide, laid down on the plat of West Arlington, and with the use thereof in common, south twenty-one degrees and fourteen minutes west three hundred and thirty-seven feet and eight inches to the beginning. Containing eighty-one one-hundredths (81/100) of an acre of land more or less. Subject to the right of way of the Arlington and Pimlico Railway over a small portion of the northeast end of said lot.

The relative locations of these lots to one another will be more clearly understood from the plat filed in this case. It

will also be seen in connection with the plat that Granada avenue mentioned in the descriptions, had not been laid out and opened north of Groveland avenue, and so far as appears has not yet been made a public way by actual laying out. It is also conceded that on the opposite side of the thirty-seven foot right of way of the Arlington and Pimlico Railroad at the most northerly points of lots 4 and 5 an open road exists leading directly to the Reisterstown Turnpike road. The following map will be incorporated by the Reporter, in his report of the case:

Part of the Plat of the WEST ARLINGTON IMPROVEMENT CO. OF BALTIMORE CITY, recorded among the Land Records of Baltimore County in Plat Book J. W. S. No. 1, folio 96, and being part of Plaintiff's Exhibit "A," as filed.

On January 3rd, 1911, the West Arlington Improvement Company conveyed to T. Irvin Zimmerman, the curving piece of land formerly occupied by the Arlington and Pimlico Railroad and to which the Improvement Company had acquired title before either of the deeds to Cockey. In the deed to Zimmerman was contained the following reservation:

The said party of the first part hereby expressly reserves unto itself its successors and assigns the right of way thirty feet wide over said strip of ground above described at the point where the same is intersected by the extension of Granada avenue and an avenue laid out on the plat of the improvement company thirty-seven feet ten inches wide leading from the Reisterstown road to Clark avenue to the end that a crossing may be constructed and maintained at said point of intersection over said strip of ground hereby conveyed for the use of the public and especially to provide a means of ingress and egress to Lots Nos. 4 and 5, as shown on the plat of the Improvement Company, said crossing to be constructed either over the surface of the ground or beneath the surface thereof so as not to interfere with the use of the above-mentioned strip of ground thirty-seven feet wide for railroad purposes.

The bill of complaint in this case was filed September 5th, 1911, in which after reciting the conveyances already mentioned, it was alleged that Zimmerman had unloaded and piled large quantities of sand and other materials on the thirty-seven foot strip acquired by him in such a manner as to effectually shut off Cockey from any right of way from Lots 4 and 5, to the road or lane leading to the Reisterstown road, and praying for a mandatory injunction to compel the removal of the obstruction, and a prohibitive injunction as to any further interference with the use of the right of way across the thirty-seven foot strip at that point. To this Bill a demurrer was filed by Zimmerman, and it is from the order overruling the demurrer that this appeal is taken.

The theory of the plaintiff's case is, that Cockey is entitled to this means of ingress and egress as a way of necessity. It

is a well settled principle that where land is conveyed by one person to another, and the lot so transferred is entirely enclosed by the lands of others, that the grantee is entitled by implication to a right of way over the lands of his grantor, as a way of necessity, so that he may have a means of ingress from and egress to the nearest public way. *Tiedeman on Real Property,* sec. 609.

The application of this principle was invoked in the case of *Amelung* v. *Seekamp,* 9 G. & J. 468, and while the principle was fully recognized it was not applied in that case for the reason that there was no allegation that the plaintiff had no other reasonable convenient outlet from his mills. The bill in the present case in terms alleges that the plaintiffs "have not and cannot obtain any other means of ingress and egress to said lot" save the one to preserve which the Bill was filed. In the case of *White* v. *Flannigan,* 1 Md. 525, which contained the averments that were lacking in the case of *Amelung* v. *Seekamp,* the doctrine was applied and enforced by injunction, and it has been frequently invoked since and applied whenever the facts alleged or proved meet the requirements above indicated. *McTavish* v. *Carroll,* 7 Md. 352; *Roman* v. *Strauss,* 10 Md. 89; *Oliver* v. *Hook,* 47 Md. 301; *Jay* v. *Michael,* 92 Md. 208; and *Vandegrift* v. *Burke,* 98 Md. 230.

It was argued on behalf of the defendant that, conceding the principle of a way of necessity, yet the plaintiff had the necessary right of access from his property southerly along Granada avenue, or if not that, that the plaintiff can not select the route over which his right of way shall be exercised, and the defendant proposes a route on run from the easterly portion of lot No. 4 to a point at or near the intersection of Clark and Belvedere avenues.

The test in such cases is the question of a *reasonable access* to the property of the party claiming to be entitled to a way of necessity. *Gore* v. *Burbaker,* 55 Md. 87; *Bembe* v. *Anne Arundel Co.,* 94 Md. 328.

While the deed to Cockey of 1901 speaks of Granada avenue as a boundary of the lot then conveyed, it is silent as to whether that way was one in fact or on paper, but the conveyance of 1909 sets this matter at rest as of that date, when it asserts in describing the boundaries of the property of the line of the right of way of the Western Maryland Railroad where it would be intersected by the line produced northerly of the west side of Granada avenue.

The alternative is therefore one of a right of way over approximately four hundred and sixty feet of land, as yet a way existing only on paper, and crossing the tracks of a steam railroad; and a right of way over thirty-seven feet of a disused railroad bed. The mere statement of the two is sufficient to show where the reasonableness of the access to the property of the plaintiff lies.

But in addition to this it is alleged in paragraph 5 of the bill that in the fall of 1910, and before therefore the conveyance to Zimmerman, the Improvement Company conceded that the plaintiffs were entitled to the right of way at the point now claimed for it in the bill. Then followed the deed of January 3rd, 1911, to Zimmerman by which an express reservation of a right of way at the same point was made for the benefit of lots Nos. 4 and 5, the Cockey lots.

While it may be true that Cockey, not having been a party to this deed, can not now claim to be entitled to the right of way in dispute by virtue of the reservation in the deed, yet it is equally true that being entitled to a right of way as a way of necessity as against the Improvement Company, that company could not by subsequent grant deprive him of his way. that such right would hold good not merely as against the Improvement Company but likewise against the grantees of that company, whether specified in the deeds to them or not. The fact of the reservation, however, is important, first as designating the location determined upon, not by Cockey, but by his grantor, who was also the predecessor in title of

Zimmerman, and second, as putting the defendant on notice, both of the existence of the right of way and of its location.

We fully concur with the lower Court in its order overruling the demurrer, and it was affirmed, on the 12th day of June, 1912.

> *Order affirmed and cause remanded, with costs to the appellee.*