EDWARD A. HART *vs.* IDA J. DEERING.

Middlesex. November 10, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Way,* Private: by necessity.

A right of way by necessity is not extinguished necessarily by the construction of a public way that abuts on a part of the dominant estate. In order that the opening of access to the public way shall operate as an extinguishment of the way of necessity, the outlet by means of the public way must be reasonably sufficient for the beneficial enjoyment of the dominant estate.

Where a triangular parcel of land, which was vacant but was suitable for a dwelling house, had appurtenant to it a way of necessity over a lot of land that adjoined the base of the triangle and abutted on a public highway, and thereafter a public way was constructed across the apex of the triangle of land giving it an opening on such public way but by reason of the narrowness of the land at that point the space available for passage from the triangular lot to the public way was only five feet and nine inches wide, it was *held,* that as matter of law under the circumstances shown it could not be found as a fact that the opening five feet and nine inches wide on the public way was a reasonably adequate and convenient means of access to the land which extinguished the right of way by necessity over the adjoining land at the other end of the triangular lot, and therefore that a ruling by a judge of the Land Court, that the right of way by necessity had ceased, was erroneous.

CROSBY, J. This is a petition to register the title to a parcel of land situated in that part of the city of Newton called Auburndale. The petitioner claims, as appurtenant to the locus, a right of way by necessity over the land of the respondent to Auburn-

---

* Made in the Superior Court by *McLaughlin,* J. The plaintiff appealed.

dale Avenue. The record recites: "The land of the respondent, which is situated on Auburndale Avenue, adjoins the locus and both parcels formerly belonged to the respondent. The respondent on June 5, 1909, mortgaged the locus, which mortgage was foreclosed and the purchaser at the foreclosure sale later sold to the petitioner. At the time of the mortgage and later sale there was no way of access to the locus, and the way claimed by the petitioner is a way by necessity over the land of the respondent."

The judge of the Land Court* in his decision states that "It must be conceded . . . that as the land of the petitioner at the time of the grant had no connection with any public way, except over the land of the grantor, who is the respondent, a right of way of necessity for all suitable purposes would be implied in the absence of any express terms. This was the situation at the time of the filing of the petition for registration. Since that time, however, and shortly before the hearing of this case, it appeared that the city of Newton laid out and constructed a public street, called Ionia Street. By reason of the laying out and the construction of this street, the petitioner's land now abuts on this public way for a distance of twelve feet, and the petitioner, being an abutter, has the right to use said way for all purposes for which a public street or way is commonly used in the city of Newton. But by reason of the peculiar shape of the petitioner's land at this point the distance available for passage from the petitioner's land to said public street is five feet and nine inches."

A plan of the petitioner's land, a reduced copy of which is printed on the opposite page, shows it to be triangular in shape, its southeasterly corner abutting twelve feet on Ionia Street, but, as found by the judge of the Land Court, because of the peculiar shape of the land, the width of the passageway from the land to Ionia Street is but five feet and nine inches.

There are no buildings upon the petitioner's lot, but the Land Court finds that it is situated in a residential district and that there are many dwelling houses in the neighborhood, and "While there is nothing in the title to prevent the use of the locus for any lawful purpose, it is suitable, considering its size and shape and location, for a dwelling house."

After making the foregoing findings of fact, the bill of excep-

---

\* *Corbett,* J.

tions recites that "The court rules as follows: 'This [the passage-way] is suitable, convenient and reasonable considering the size, shape and location of the land as well as the use that the petitioner may make of the same, whether for a dwelling house or any other purpose. Therefore, whatever right of way the petitioner had by necessity over the respondent's land has ceased.'"

We are of opinion that this statement properly construed is a ruling of law and not a finding of fact, and is to be so treated. The finding of the Land Court upon all questions of fact, unless a trial by jury is claimed, is final. R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1.

The question is whether, upon the facts found, the ruling of the Land Court was correct. Undoubtedly before Ionia Street was established as a public way there existed as appurtenant to the dominant estate a right of way such as was reasonably necessary and convenient for the purposes for which it was impliedly granted. Whatever was reasonable under all the circumstances is partly a question of fact and partly a question of law. As all the facts have been found by the Land Court, what is a reasonable width of the way becomes a question of law. *Atkins* v. *Bordman,* 2 Met. 457, 467.

While a way by necessity includes all that is reasonably necessary for the convenient use of the way under all the circumstances, it is also true that where the necessity for such a way ceases, the right is at an end. *Viall* v. *Carpenter,* 14 Gray, 126. *Schmidt* v. *Quinn,* 136 Mass. 575.

The respondent contends and the Land Court has ruled that, when Ionia Street was laid out as a public way, the right of way by necessity over the respondent's land to Auburndale Avenue was extinguished and no longer was appurtenant to the land of the petitioner. The practical effect of that ruling is that the only outlet from the petitioner's land to any public way is by means of a footway five feet and nine inches wide at the point where his land abuts on Ionia Street, although it is found that the petitioner's premises are suitable for the erection of a dwelling house thereon, as well as for other purposes. While a way by necessity does not under all circumstances imply that the way shall be wide enough for the passage of carriages, even if the dominant estate be used for residential purposes, still we think that, in view of the situation of the estates of the petitioner and the respondent respectively, the character of the uses to which the dominant estate is suitable, and all the circumstances, an opening only five feet and nine inches wide cannot be found to be a reasonably adequate and convenient means of access to the petitioner's land. *Rowell* v. *Doggett,* 143 Mass. 483.

There is nothing to show that the way by necessity over the respondent's land and appurtenant to the petitioner's lot is not wide enough for the passage of teams as well as for persons on foot.

Whether the petitioner's property is in the future to be used

for residential or other purposes; we are satisfied that a way therefrom to a public street which is not wide enough for the passage of ordinary teams and other conveyances cannot be held, upon the facts as found in this case, to be reasonably adequate and convenient.

It is not enough to extinguish a right of way by necessity to show merely that since it came into existence the dominant estate abuts upon a public way, as in this case. To operate as an extinguishment of the way it must appear that the outlet by means of the public street is reasonably sufficient to the beneficial enjoyment of the dominant estate. We are satisfied that the means of access to and from the petitioner's land only by way of Ionia Street is inadequate for the reasonable and beneficial enjoyment of the petitioner's land upon the facts as found by the Land Court. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410, 411. *Pettingill* v. *Porter,* 8 Allen, 1. *Schmidt* v. *Quinn,* 136 Mass. 575.

We do not mean to intimate that in all cases a way by necessity should be wide enough to allow the passage of teams and other vehicles. Where the estates are situated in thickly settled communities, a footway might be sufficient to give to the dominant estate a reasonable and convenient means for its beneficial use and enjoyment. This view is not at variance with the case of *Rowell* v. *Doggett, supra.* In that case, there was an express grant of a passageway, but whether it was limited to a footway or was for horses and carriages as well as for persons on foot was in controversy. Because the grant was ambiguous in its terms, it was held that evidence was admissible to show the acts of the parties in the use of the way for a period of several years, and that such use, together with other facts and circumstances, showed that the obvious purpose of the grant limited the way to travellers on foot.

As we are of opinion that it could not have been ruled upon the facts found by the judge of the Land Court that "whatever right of way the petitioner had by necessity over the respondent's land has ceased," the entry must be

*Exceptions sustained.*

*F. E. Crawford,* for the petitioner.
*W. S. McCallum,* for the respondent.