140 So. 400
### LOONEY et al. v. BLACKWOOD.
8 Div. 235.

Supreme Court of Alabama.
March 17, 1932.

J. N. Powell, of Hartselle, for appellants.

A. J. Harris, of Decatur, for appellee.

KNIGHT, J.

Bill by Jessie Ruth Blackwood, appellee here, against Sarah Looney and others. The purpose of the bill is to have the court, by its decree, to vest in the complainant an easement or right of way twenty feet wide along the south boundary of the defendant's (Sarah Looney's) land, and for mandatory injunction compelling the defendant Looney to remove an obstruction out of said right of way; that the court will reform complainant's deed so as to describe the said twenty feet right of way as being along the south boundary line of the said property of defendant Looney. Complainant prays in the alternative that the court mark out, define, and vest in her a right of way twenty feet wide across the property of said Sarah Looney and leading from complainant's property east to the said Nance Bridge public road; and for general relief.

To this bill the respondent demurred, assigning numerous grounds of demurrer. The court overruled the demurrer.

On final hearing on the pleading and proof, the court held that the bill contained equity, and granted the complainant relief locating and defining the right of way, and requiring the defendant Looney to remove from said right of way, as located by the court, a barn which was located thereon.

The first error assigned relates to action of the court in overruling the demurrers of the defendants to the bill. No argument is submitted by the appellants to support this assignment of error, and we must deem it as waived under the uniform rulings of this court. Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A. L. R. 1454; Hodge v. Rambo, 155 Ala. 175, 45 So. 678; Western Ry. Co. v. Rusell, Admr., 144 Ala. 143, 39 So. 311, 113 Am. St. Rep. 24; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Whitaker v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911.

It appears from the averments of the bill that the complainant purchased of the defendant Looney nineteen and one-half acres

of land lying near the town of Hartselle, Ala. That other lands of the said grantor adjoined the conveyed tract on the south and east, and that there was no public road or outlet from the complainant's said land to any public highway; that to reach a highway complainant must traverse a part of the lands of defendant Looney; that by traveling over a part of Mrs. Looney's land, which lies just to the east of and adjoining complainant's land, access could be had to the public road mentioned in complainant's deed; and it is further averred that, shortly after the execution of the deed to complainant, a twenty foot roadway was staked off by Mrs. Looney and the complainant to the public road, and that complainant had been continuously using same; and that Mrs. Looney agreed to remove a barn which blocked the roadway, but has since refused to do so, thereby requiring the complainant to "circle the barn," and, in doing so, to go on property of the defendants Howell. And complainant avers: "That while the defendant, Howell, has graciously licensed her to use the property, that the license is temporary and revokable at will, and he is unwilling to make to her a grant of a right of way on his property. Complainant further avers she has offered to remove said barn out of said right of way free of expense to the said Sarah Looney."

The description of the property conveyed by Mrs. Looney to complainant and of the grant of a roadway is as follows: "The North half of the Northwest quarter of S. W. ¼ of Section 15, Township 7, Range 4, West, less one-half acre in Southeast corner, sold to F. W. Jones, said half acre being one acre long and half acre deep. A road way twenty feet wide is hereby granted by said Sarah H. Looney, leading from the above described land, East to the public road as now located."

It has long been the law in this state, as well as in nearly every state in the Union, that, where a grantor sells land to another, which is surrounded, or partly surrounded by other lands of the grantor, and the grantee has no way of ingress or egress thereto or therefrom, except by traversing lands of the grantor or of strangers, right of way over the remaining lands of grantor exists by necessity. Hill v. Wing, 193 Ala. 312, 325, 69 So. 445; Taylor v. Warnaky, 55 Cal. 350; Mesmer v. Uharriet, 174 Cal. 110, 162 P. 104; Myers v. Dunn, 49 Conn. 71; Derrickson v. Springer, 5 Har. (Del.) 21; Rock Island & P. R. Co. v. Dimick, 144 Ill. 628, 32 N. E. 291, 19 L. R. A. 105; Ellis v. Bassett, 128 Ind. 118, 27 N. E. 344, 25 Am. St. Rep. 421; Mead v. Anderson, 40 Kan. 203, 19 P. 708; Conley v. Fairchild, 142 Ky. 271, 134 S. W. 142; Anderson v. Dyer, 107 Me. 342, 78 A. 453; Zimmerman v. Cockey, 118 Md. 491, 84 A. 743; Hart v. Deering, 222 Mass. 407, 111 N. E. 37; Bean v. Bean, 163 Mich. 379, 128 N. W. 413; Board of Sup'rs of Lamar County v. Elliott, 107 Miss. 841, 66 So. 203; Higbee Fishing Club v. Atlantic City Elec. Co., 78 N. J. Eq. 434, 79 A. 326; Pearne v. Coal Creek, etc., Co., 90 Tenn. 619, 18 S. W. 402; Sellers v. Texas Cent. R. Co., 81 Tex. 458, 17 S. W. 32, 13 L. R. A. 657; Scott v. Moore, 98 Va. 668, 37 S. E. 342, 81 Am. St. Rep. 749; Corpus Juris, vol. 19, p. 923.

Whether the way is created by express provisions of the grant, or by implication as a way of necessity, the location thereof may be determined by a resort to a court of equity by the grantor or grantee in the deed. Ala. Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574; 19 Corpus Juris, § 214, page 973.

However, in the instant case, the appellee is not forced to the necessity of relying upon an implied easement for a right of way, as the deed expressly grants to her a roadway to the public highway over lands of grantor. The grant is of "a road way twenty feet wide leading from the above described lands, east to the public road as now located." The width and termini of the roadway are thus stated and agreed upon. The grant is not so indefinite as to be incapable of enforcement. A court of equity has the power to locate the road.

In the case of Ala. Corn Mills Co. v. Mobile Dry Docks Co., supra, it is said: An easement—a right of way—over a definitely described tract of land may be effectively granted, and its particular location on the tract fixed, through the aid of a court of equity, even though the grant does not define the boundaries of the way intended to be granted. Lide v. Hadley, 36 Ala. 627, 76 Am. Dec. 338; Long v. Gill, 80 Ala. 408; Overton v. Moseley, 135 Ala. 599, 33 So. 696; Webb v. Jones, 163 Ala. 637, 50 So. 887; South & N. Ala. R. Co. v. Highland Ave. & B. R. Co., 117 Ala. 395, 405, 406, 23 So. 973.

Of course, in locating the roadway, the court cannot do so arbitrarily, but will proceed, in defining and designating the boundaries, with due and proper regard for the rights of both parties, selecting such route as is reasonable and most feasible, and will not unduly burden the remainder of the grantor's land, nor will it, at the same time, unduly inconvenience the grantee in the location adopted. In other words, the court will be guided by the rule of reason.

We are at the conclusion, the complainant, by her bill, states a case for equitable relief. The evidence abundantly supports its averments. The chancellor so held, and his decree must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.