FILED
Jul 27 2017, 8:36 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| John J. Schwarz, II | James O. Waanders |
| Schwarz Law Office, PC | Indianapolis, Indiana |
| Hudson, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>

James Van Ella,

*Appellant-Defendant,*

v.

VanHorne Properties, LLC,

*Appellee-Plaintiff*

</td><td>

July 27, 2017

Court of Appeals Case No.
76A03-1607-CC-1699

Appeal from the Steuben Circuit Court

The Honorable Allen N. Wheat, Judge

Trial Court Cause No.
76C01-1507-CC-263

</td></tr>
</table>

**Barnes, Judge.**

## Case Summary

[1]     James VanElla appeals the trial court's grant of summary judgment in favor of VanHorne Properties, Inc. ("VanHorne") and the trial court's denial of VanElla's cross-motion for summary judgment. We affirm.

## Issues

VanElla raises several issues, which we consolidate and restate as whether the trial court properly granted VanHorne's motion for summary judgment and denied VanElla's cross-motion for summary judgment regarding the use of a twenty-five-foot easement.

## Facts

In August 1950, the plat of Bod's Beach Subdivision was recorded in the office of the Steuben County Recorder. The plat consisted of lots 1 through 20 with Bass Lake on the front side of the lots and a twenty-five-foot roadway easement along the back side of the lots. The plat provided: "We also dedicate the Platted easements to the use of lot owners in this subdivision." Appellant's App. Vol. II p. 21. The owner of the subdivision then sold several lots to third parties.

In 1970, the owners of lots 3 through 14 and 18 through 20 and "tracts of land lying between lots numbered 7 and 8 and lots numbered 12 and 13" and "the platted easement lying to the west and contiguous to said described lots and tracts of land" filed a petition to vacate the lots and the easement. *Id.* at 30. The owners of lots 1, 2, 15, 16, and 17 were not parties to the petition. The petition alleged that "vacating the same is not interfering with the rights of any other property owners in said plat, and therefore, no other owners are affected thereby." *Id.* The petition also alleged:

> [I]t is the belief of the petitioners that the proposed vacation will not leave the real estate of any other person without egress [and] ingress by means of a public street or easement, nor will it cut off the public's access to any church, school or other public building or grounds as a way of necessity to the public nor would said vacation in the opinion of the petitioners create any great inconvenience to the public.

*Id.* at 31. The trial court granted the petition and vacated those portions of Bod's Beach and the easement and "all of the public's right to use and access to the same." *Id.* at 35 ("1970 Order").

Currently, Golden Eagle Mining and Recovery, Inc. ("Golden Eagle"), which is a corporation owned and controlled by VanElla, owns lots 4 through 14, 19, and 20. Katheleen Rodriquez owns lots 1 and 2; Rodney Rodriquez owns lot 15; and Randolph and Mary Fulkerson own lot 3. In January 2015, VanHorne purchased lots 16, 17, and parts of 18 at a sheriff's sale. Although VanElla acknowledges that VanHorne, the Fulkersons, and the Rodriquezes have a right of ingress and egress over portions of the easement, he has restricted use of the easement. VanElla constructed a barn that extends twelve feet into the easement, he parks a dump truck within the easement, he has previously dug depressions in the road to serve as speed bumps, and he constructed a fence within the easement. Although the road has large depressions, ruts, and rocks and is in poor condition, VanElla refuses to allow the road to be maintained or repaired. The road is currently a sixteen-foot-wide dirt and sand roadway.

[6]    VanHorne filed a complaint against Golden Eagle, VanElla, the Rodriquezes, and the Fulkersons. VanHorne sought a declaratory judgment regarding the usage of the easement, an injunction prohibiting the defendants from interfering with VanHorne's right to maintain and use the road, an order requiring VanElla to remove obstructions from the easement and refrain from harming or impairing the roadway, and damages and attorney fees as a result of VanElla's intentional actions.

[7]    VanHorne then filed a motion for partial summary judgment. VanHorne argued: (1) the 1970 Order vacating the easement is void; and (2) the 1970 Order did not terminate the private easements and other contractual rights of lot owners that purchased their lots in reference to the plat prior to the partial vacation. The Rodriquezes filed a response agreeing with VanHorne's motion for partial summary judgment.

[8]    VanElla, Golden Eagle, and the Fulkersons filed a response and cross-motion for summary judgment. They argued that they were bona fide purchasers for value "without notice of any fraudulent act regarding [their] property or outstanding rights of others" and that VanHorne could not prove the 1970 Order was void. *Id.* at 70. They also argued that VanHorne's requested relief was precluded by laches.

[9]    After a hearing, the trial court granted VanHorne's motion for summary judgment and denied the cross-motion. The trial court issued the following order:

B. Issue/Contentions -

1.  What effect, if any, did the action of the Steuben Circuit Court in vacating the requested lots and twenty-five (25) foot roadway easement adjacent thereto have on Van Horne's present right to use the entirety of the twenty-five (25) foot roadway easement?

2.  Van Horne contends it had no effect.

3.  Van Ella acknowledges that Van Horne has the right to travel across the platted twenty-five (25) foot roadway easement in order to gain access to lots 16 and 17. However, if and when improvements are to be made to the twenty-five (25) foot roadway easement will be determined exclusively by him. Further, he may take all steps deemed appropriate to control the flow of traffic across the roadway easement.

C. Conclusions of Law -

1.  The Court will first note that it has carefully reviewed all properly designated evidentiary materials, and reasonable inferences to be drawn therefrom, in a light most favorable to the non-moving party.

2.  The Petition to Vacate did not seek to vacate those lots and adjacent roadway easement rights presently owned by Van Horne.

3.  The lots presently owned by Van Horne had been sold to third-parties prior to the filing of the Petition to Vacate. These prior owners did not consent to the vacation of their platted lots and their concomitant

right to use the twenty-five (25) foot roadway easement.

4. The Court concludes that once a subdivision has been platted in accordance with law, along with roadway easement rights, a subsequent purchaser of a lot in the subdivision cannot thereafter be divested of the right to make use of the entirety of the roadway easement as identified on the subdivision plat at the time of purchase.

5. The Court concludes that Van Horne, owner of the dominant estate, has the right to make reasonable and necessary repairs to the twenty-five (25) foot roadway easement. The Court concludes that Van Ella, owner of the servient estate, has the right to make reasonable and necessary repairs to the twenty-five (25) foot roadway easement.

6. The Court concludes that neither Van Ella, Fulkerson nor any other person has the right to take any action that would unreasonably impede Van Horne's use of the entirety of the twenty-five (25) foot roadway easement for the purpose of gaining ingress and egress to and from lots 16 and 17.

7. The Court concludes that the law regarding the rights of a bona fide purchaser for value of real estate as argued by Van Ella and Fulkerson does not change the conclusions of this Court as set forth above.

8. The Court concludes that the equitable doctrine of laches as argued by Van Ella and Fulkerson does not change the conclusions reached by this Court as set forth above.

Appellant's App. Vol. II. pp. 15-18. The trial court then granted VanHorne's motion for summary judgment, denied the cross-motion for summary judgment, and gave VanHorne "unimpeded use of the entirety of the twenty-five (25) foot roadway easement for the purpose of having ingress and egress rights to and from its lots 16 and 17 without interference by the fee simple title owner(s) of the twenty-five (25) foot roadway easement." *Id.* at 18. The trial court also gave VanHorne "the right to make reasonable and necessary repairs to the twenty-five (25) foot roadway easement to assure safe passage to and from its lots 16 and 17" but clarified that the repairs "cannot in any manner interfere (except when repairs, if any, are being made) with the lawful rights of any other person to make use of the entirety of the twenty-five (25) foot roadway easement or alter in any manner its original configuration." *Id.* at 18-19. VanHorne filed a motion to make the partial summary judgment a final judgment, which the trial court granted. VanElla, Golden Eagle, and the Fulkersons filed a motion to correct error and motion for a site visit. After a hearing, the trial court denied the motion to correct error. VanElla now appeals.[1]

# Analysis

[10] VanElla challenges the trial court's grant of summary judgment to VanHorne. Summary judgment is appropriate only when the moving party shows there are

---

[1] Golden Eagle and the Fulkersons have not appeared in this appeal or filed briefs.

no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *Schoettmer v. Wright*, 992 N.E.2d 702, 705 (Ind. 2013); *see also* Ind. Trial Rule 56(C). Once that showing is made, the burden shifts to the non-moving party to rebut. *Schoettmer*, 992 N.E.2d at 705-06. When ruling on the motion, the trial court construes all evidence and resolves all doubts in favor of the non-moving party. *Id.* at 706. We review the trial court's grant of summary judgment de novo, and we take "care to ensure that no party is denied his day in court." *Id.*

[11] VanElla argues that summary judgment was improper. According to VanElla, the 1970 Order was valid and not subject to challenge by VanHorne, the injunction should be dismissed because VanElla is the rightful owner of the property and VanHorne has ingress and egress, and laches and acquiescence bar VanHorne's action. VanElla concedes that VanHorne has a right of ingress and egress, but he also claims that the easement was vacated. The trial court, however, concluded that summary judgment was proper because the 1970 Order could not divest the lot owners that did not participate in the action or consent to the vacation of the easement of their rights to the easement. We agree.

[12] In support of its argument VanHorne relies in part on *Bob Layne Contractor, Inc. v. Buennagel*, 158 Ind. App. 43, 301 N.E.2d 671 (1973). There, a developer had a subdivision with restrictive covenants platted and sold some of the lots. Later, the developer sought to vacate part of the plat to do commercial development on that area. The developer filed a petition to vacate part of the plat, but it did

not name the lot owners or give them personal notice of the petition. Further, "[n]o attempt was made subsequent to the filing of the Vacation Suit to seek an agreement by a majority of the lot owners to nullify the restrictions as provided in the covenants." *Bob Layne Contractor*, 158 Ind. App. at 47, 301 N.E.2d at 675. The trial court granted the petition to vacate, and the lot owners filed a complaint to enjoin the developer from violating the restrictive covenants. The trial court granted an injunction prohibiting the developer from violating the restrictive covenants, "finding that the restrictive covenants ran with the land, that they were not dissolved by [the developer's] suit to vacate the [property], and that they could be dissolved only by an agreement of the majority of the owners or by legal action with notice to each owner." *Id.* at 48, 301 N.E.2d at 675.

[13] On appeal, we held that the "statutory vacation alone does not effect [sic] restrictive covenants incorporated in the plat and running with the land." *Id.* at 53, 301 N.E.2d at 678. We recognized the "devastating effect of allowing one party to a restrictive covenant to unilaterally dissolve that covenant." *Id.* at 54, 301 N.E.2d at 678. "Vested contract rights in land may not be abrogated by statutory proceedings designed to serve a specific limited purpose. Equity would shudder were it otherwise." *Id.*, 301 N.E.2d at 678-79. Consequently, the vacation suit by itself did not and could not operate to dissolve the restrictive covenants.

[14] We reached a similar result in *McIntyre v. Baker*, 660 N.E.2d 348, 351 (Ind. Ct. App. 1996), where we held: "An owner of lots within a plat cannot modify

restrictions on the plat without the consent of all of the owners of all of the lots in the plat." We concluded that, because all of the owners of the land subject to the restrictive covenant did not consent to its removal, the restrictive covenant was not removed by merely replatting some of the lots. *Id.*

[15] Similarly, we held in *Adult Grp. Properties, Ltd. v. Imler*, 505 N.E.2d 459, 464 (Ind. Ct. App. 1987), *trans. denied*, that "[a] restrictive covenant creates a property right in each grantee and subsequent grantees." When the first lot of the subdivision was sold, the restrictive covenants became binding. The restrictive covenants could not later "be modified or extinguished without the consent of all the lot owners in the subdivision." *Adult Grp. Properties*, 505 N.E.2d at 464.

[16] The easement here is not a restrictive covenant, but the concept is the same. Our courts have held that "[a] right of way over land is an interest therein, and, whether such right be acquired by adverse use or by express or implied grant, it cannot be extinguished except in a mode recognized by law." *Thomas v. McCoy*, 48 Ind. App. 403, 96 N.E. 14, 15 (1911) (internal citation omitted). Once the easement that benefited each of the lot owners was platted, individual lot owners could not destroy the easement by vacating the easement associated with their lots. The easement could not be vacated without the consent of all the lot owners or a proper legal action. There is no evidence that the prior owners of VanHorne's lots consented to the vacation of the easement or were even served with notice of the petition to vacate the easement, which is used for ingress and egress to the lots. Consequently, the 1970 Order did not affect the

easement, and VanHorne still has the right to use the twenty-five-foot platted easement.[2]

[17]    Finally, we note:

> The owner of an easement, known as the dominant estate, possesses all rights necessarily incident to the enjoyment of the easement. *Panhandle E. Pipe Line Co., v. Tishner*, 699 N.E.2d 731, 739 (Ind. Ct. App. 1998). The dominant estate holder may make repairs, improvements, or alterations that are reasonably necessary to make the grant of the easement effectual. *Id.* The owner of the property over which the easement passes, known as the servient estate, may use his property in any manner and for any purpose consistent with the enjoyment of the easement, and the dominant estate cannot interfere with the use. *Id.* "All rights necessarily incident to the enjoyment of the easement are possessed by the owner of the dominant estate, and it is the duty of the servient owner to permit the dominant owner to enjoy his easement without interference." *Id.* The servient owner "may not so use his land as to obstruct the easement or interfere with the enjoyment thereof by the owner of the dominant estate." *Id.* Moreover, the owner of the dominant estate cannot subject the servient estate to extra burdens, any more than the holder of the servient estate can materially impair or unreasonably interfere with the use of the easement. *Klotz v. Horn*, 558 N.E.2d 1096, 1100 (Ind. 1990).

---

[2] Because we conclude that the 1970 Order did not affect the easement, we need not address VanElla's arguments that the vacation proceeding complied with statutory requirements, that the statute of limitations on challenging the order has run, that VanElla was a bona fide purchaser for value, that VanHorne acquiesced to the condition of the roadway by purchasing the property, or that laches applies.

*McCauley v. Harris*, 928 N.E.2d 309, 314 (Ind. Ct. App. 2010), *trans. denied*. As the dominant estate holder, VanHorne may make repairs, improvements, or alterations that are reasonably necessary to make the grant of the easement effectual. Further, the servient owner, VanElla, may not obstruct the easement or interfere with VanHorne's use of the easement. The trial court properly granted VanHorne's motion for summary judgment and properly denied VanElla's cross-motion for summary judgment.

## Conclusion

[18] The trial court properly granted VanHorne's motion for summary judgment and properly denied VanElla's cross-motion for summary judgment. We affirm.

[19] Affirmed.

Baker, J., and Crone, J., concur.