## Anzel Nichols *versus* Constance Luce *et al.*

A right of way of necessity is founded on an implied grant ; and the same principle
of necessity which raises the implication of one such way, may extend it to two or
more ; but convenience alone is not sufficient to raise the implication of a way.

Trespass *quare clausum fregit.* The defendants pleaded
a right of way by necessity. Trial before *Wilde*, J.

The defendants derived their title from Seth Janes ; who
claimed under a deed from Daniel Weller to Janes, of forty
acres of land, being parcel of lot No. 54, containing two hun-
dred acres, situate in Pittsfield. Weller, at the time of the
conveyance, owned the whole lot. The parcel conveyed to
Janes was entirely enclosed by land of Weller and others,
and was not open to any public road. The plaintiff was the
owner of a portion of lot No. 54, situate north of the de-
fendants' land, and derived his title from Weller, by a deed
subsequent to the conveyance to Janes. The plaintiff's land
was situate between a public road north of it, and the defend-
ants' land. The defendants' land is woodland; and the trespass
was the carrying wood across the plaintiff's pasture.

The plaintiff introduced evidence to show, that at the time
of the conveyance from Weller to Janes, Weller was the
owner of a small parcel of land, of about two acres, contigu-
ous to the forty acres on the east, and bounded on the east by
a road ; and then contended, that as the defendants might have
a right of way *easterly*, across Weller's two acres, to a road,
it was open to the plaintiff to show that the greater part of the
forty acres was more easily accessible from the east road than
from the north road through the plaintiff's land ; and the plain-
tiff produced evidence to establish that fact.

The defendants offered to prove that a certain portion of
their forty acres, viz. about four acres, was separated from the
residue by a rise of land, so as to render it exceedingly diffi-
cult to pass from it across southerly to the east road, but
that in using the four acres it would be much more convenient
to the defendants to pass north, over the plaintiff's land, to a
road.

Upon this the judge ruled, that if the defendants' whole lot,

.ken together, could be more conveniently used, by the road passing easterly over the two acres of Weller, it was no defence to the action, that the defendants could show that the parcel of four acres on the north part of their lot was situate as alleged by them, and that a northerly road over the plaintiff's land was required for the use of that parcel.

This opinion having been expressed, the defendants consented to be defaulted, and to have judgment entered for $ 2 damages ; unless the whole Court should be of opinion, that the evidence offered by the defendants was material and ought to have been admitted ; in which case a new trial was to be had.

*C. A. Dewey* and *Lanckton* contended, that originally as against Weller the defendants had a right to a convenient, practical way to the whole of their land ; to one portion from the north road, and to the other portion from the east road, the two portions being separated by elevated ground which it was very difficult to pass ; that the plaintiff purchased his land subject to the defendants' previous right ; that as neither Weller nor the plaintiff had designated any way over his land, the defendants had a right to select a route ; *Clark* v. *Cogge*, Cro. Jac. 170 ; 1 Wms's Saund. 323, note 6 ; *Morris* v. *Edgington*, 3 Taunt. 23 ; and that the defendants ought to be permitted to go to the jury, upon the question, whether the way over the plaintiff's land was not more convenient than the other way.

*Sept. 11th, 1834.*

*Bishop* and *Gold*, for the plaintiff, cited *Gayetty* v. *Bethune*, 14 Mass. R. 55 ; 3 Stark. Ev. (Metcalf's ed.) 1678, and note, cites 2 M'Cord, 444 ; Com. Dig. *Action on the case for Disturbance*, *B* 2 ; *Russell* v. *Jackson*, 2 Pick. 574 ; *Holmes* v. *Goring*, 2 Bingh. 76.

MORTON J. delivered the opinion of the Court. The defendants claim a way of necessity, across the *locus in quo*. The three different modes of acquiring and holding rights of way, in their origin resolve themselves into one. The distinction between them relates more to the mode of proof than to the source of the title. They are all derived from the voluntary grant of the proprietor of the fee. *Prescription* presupposes, and is evidence of a previous grant. *Necessity*

*Sept. 14th, 1834.*

Nichols
*v.*
Luce.

is only a circumstance resorted to for the purpose of showing the intention of the parties and raising an implication of a grant. And the deed of the grantor as much *creates* the way of *necessity* as it does the way by *grant*. The only difference between the two is, that one is granted in *express words* and the other only by *implication*. *Quando aliquis aliquid concedit, concedere videtur et id sine quo res uti non potest*. Thus when a man grants a close inaccessible except over his own land, he impliedly grants a right of passing over that land. Otherwise the grantee could derive no benefit from the grant. The same rule of construction would govern a reservation out of lands granted. Co. Lit. 56 *a*; *Liford's case*, 11 Coke, 52; *Lord Darcy* v. *Askwith*, Hob. 234; *Clark* v. *Cogge*, Cro. Jac. 170; *Howton* v. *Frearson*, 8 T. R. 56; *Morris* v. *Edgington*, 3 Taunt. 23; *Gayetty* v. *Bethune*, 14 Mass. R. 55. It is not the necessity which creates the right of way, but the fair construction of the acts of the parties. No necessity will justify an entry upon another's land. If a man can be supposed to hold land without any right of access to it, a grant of it would not convey to the grantee any right to pass over the adjoining land, however *necessary* it might be to the enjoyment of the thing granted. He would acquire nothing more than his grantor held. The estate would gain no accretion by passing from hand to hand. The necessities of the parties would add nothing to it. *Dutton* v. *Tayler*, 2 Lutw. 1487.

But the true principle is, that nothing will pass, as incident to the grant, except it be *necessary* to the enjoyment of the principal thing granted. Hence the grantee of a close surrounded by the grantor's land, is entitled only to a convenient way over the grantor's land, and will have no right to pass over it wherever he pleases. He may select a suitable route for his way, but in doing it he must regard the interest and convenience of the owner of the land, and when he has done it, he will be confined to the same way and may not change its course according to his wishes or caprice. *Russell* v. *Jackson*, 2 Pick. 574; *Jones* v. *Percival*, 5 Pick. 485.

Although generally a man can acquire, as incident to a grant, only one right of way to the same close, yet the same principle of necessity which raises the implication of one, may

extend it to two or more. Where a man should grant a tract of land surrounded by his own, so divided into parts by an *impassable* mountain, river or other barrier, as that there could be no passing from one part to the other, he would by necessary implication convey a right of way to each separate part, because without this some portion of the thing granted would be entirely useless to the grantee. But these implications of grants are looked upon with jealousy and construed with strictness. It is only the *necessity* of the case which will carry one way; and certainly the *necessity* must be not less strong to carry two.

It is not pretended that the bluff across the defendants' land is impassable ; but only that it is " exceedingly difficult to pass it, and that it would be much more convenient to the defendants to pass " over the plaintiff's land. Here is no such *necessity* as will raise an implication of a grant of different ways from different parts of the defendants' lot. Convenience, even great convenience is not sufficient. If the defendants, when they purchased, had desired a separate way for this small section of their lot, they should have stipulated for it and had it expressly inserted in their deed.

With reference to the whole of the defendant's lot, the proof offered was, that a different route was much more convenient and useful than the one in question, and this the defendants virtually conceded by consenting to be defaulted. That way, then, whether it had been adopted and established by previous use or not, must be deemed the defendants' rightful and only way to and from their lot.

*Judgment on the default.*