No. 27,716.

GUS MOLL et al., *Appellees*, v. LUCINDA H. OSTRANDER and CAROLINE OSTRANDER PHEBUS, *Appellants*.

(262 Pac. 592.)

SYLLABUS BY THE COURT.

1. EASEMENTS—*Creation by Implication—Severance of Tenements—Necessary Right of Way*. Where the owner of two adjacent town lots employs a part of one lot as a way of necessity to reach the rear of the business premises conducted on the second lot, and where without such way of necessity it would be altogether impracticable to conduct the established business on the second lot, and where the owner thereafter sells the second lot, the grantees and their successors in title are entitled to the use of such way of necessity so long as the established business on the second lot is continued in substantial accordance with the mode which prevailed at the time the premises were conveyed by the common owner.

2. SAME—*Creation by Implication—Necessary Right of Way—Limitation as to Use*. A common grantor owned two town lots, 1 and 2. He erected a bakery building and bake oven on lot 2, and for some years a bakery business was conducted on the premises by his successive tenants. It was only practicable to deliver the large quantities of coal, flour and similar supplies required by the bakery at the rear of the business premises. As the neighborhood developed, the only available access to the rear of the premises was over a narrow strip of vacant ground at the east end of the common grantor's adjacent lot 1. By testamentary devise and otherwise defendants acquired the two lots and eventually sold lot 2 to plaintiffs' predecessor in title, and thereafter undertook to fence the narrow strip for the purpose of terminating its use as a driveway to serve the needs of the bakery business conducted on lot 2. *Held*, that the narrow strip was a way of necessity to the bakery business conducted on lot 2, and injunction was properly decreed to prevent its being obstructed; and *held, also,* that the injunction was properly limited to the protection of plaintiffs' right so long as their premises on lot 2 are devoted to the conduct of a bakery business and no longer.

Easements, 19 C. J. pp. 914 n. 22, 994 n. 69; 8 R. C. L. n. s. 328; 26 L. R. A. n. s. 334; 34 A. L. R. 233; 9 R. C. L. 754, 771.

Moll v. Ostrander.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed January 7, 1928. Affirmed.

James R. Stanley, George W. Willis, both of Kansas City, Chauncey B. Little and Judson S. West, both of Olathe, for the appellants.

J. W. Parker, of Olathe, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal concerns plaintiffs' claim of right to a way of necessity over the rear part of defendants' town lot adjacent to plaintiffs' town lot in the city of Olathe.

The situation of the two lots is as follows: In the city of Olathe, Santa Fe avenue runs east and west. Intersecting it at right angles is Cherry street running north and south. Facing the west and fronting on Cherry street, immediately south of Santa Fe avenue, is defendants' town lot which we will designate as lot 1. Adjacent thereto on the south is plaintiffs' premises, which we will call lot 2. South of lot 2 is a property owned and used by a packing company, which may be called lot 3. Lot 2 is 40 feet 7 inches wide and 120 feet deep. Lots 1 and 3 are about the same size. There is no alley at the rear of these lots. Abutting them on the east is a private school property.

Years ago, before the property on the east was occupied for a private school, access to the rear of lot 2 was available over the rear part of lot 1, and also over the rear part of lot 3, and over the unoccupied tract abutting all three of these lots on the east. For some years lots 1 and 2 belonged to the same owner, one Frank V. Ostrander. On lot 2 Ostrander erected a substantial building and leased it for a bakery. At the rear of this building a bake oven was constructed. One tenant after another conducted a bakery establishment on the premises. As the packing house business grew, access to lot 2 was cut off in its direction. When the private school was established on the east, access to lot 2 over that property was no longer available. Eventually the only way whereby the rear part of lot 2 could be reached by wagons delivering coal for the bake oven and supplies for the bakery was over the rear of lot 1. And for some years, while lots 1 and 2 were owned by Ostrander, a narrow strip of ground fifteen feet wide on the rear part of lot 1 was thus used to serve the necessities of the bakery business conducted on lot 2 by successive tenants of Ostrander.

The bakery business was established in 1903. Later the bakery building was destroyed by fire; but it and its bake oven were rebuilt

by Ostrander. The new bake oven cost $2,000. In 1910, Ostrander erected a building on the front part of lot 1 facing Cherry street, but the narrow strip at the rear part of lot 1 continued to be used as a driveway to serve the needs of the bakery business conducted on lot 2. Ostrander died in 1916, and lots 1 and 2 were devised to his widow Lucinda and to his son and daughter, James and Caroline. The widow and daughter, defendants herein, conveyed their interest in lot 2 to James in 1918, and the title and ownership of lot 2 repeatedly changed thereafter until finally vested in these plaintiffs, Gus and Kate Moll.

Early in 1926 Lucinda and Caroline erected a fence of posts and wire on the south edge of lot 1 to prevent the further use of the fifteen-foot driveway by plaintiffs, and that fact speedily provoked this lawsuit—to enjoin the defendants, Lucinda and Caroline, from closing the fifteen-foot driveway.

On issues joined the trial court heard the evidence and made findings of fact. Conclusions of law were deduced therefrom, viz.:

"1. The plaintiffs are entitled to use the driveway across the east end of lot 1 as appurtenant to the bakery situated on lot 2 for the purpose of hauling fuel and supplies to said bakery and hauling waste, cinders and trash from said bakery.

"2. Plaintiffs are entitled to a permanent injunction against defendants to prevent them from closing said driveway and from maintaining any obstruction of the same so long as the said bakery is maintained and used in substantially its present form."

Judgment for plaintiffs was entered accordingly. Plaintiffs' motion to modify the judgment so as to make the injunction perpetual regardless of what use the plaintiffs and their successors might seek to make of the premises of lot 2 was denied. Defendant's motion for a new trial was overruled. Defendants appeal, and plaintiffs present an informal cross appeal.

So far as the judgment in plaintiffs' behalf rests on evidence, it is needless to repeat it here. The common owner of lots 1 and 2 erected a bakery building on lot 2 and rented that property for many years to successive tenants, who used the premises for that purpose. With the eventual expansion of business on lot 3 and the development of the school property on the east, it was no longer practical to use the premises of lot 2 for a bakery business without the use of a few feet at the rear of lot 1 as a way of necessity for coal wagons and similar traffic pertinent to a bakery business. That was the situation for a number of years before defendants parted

with the title to lot 2. They knew that the then existing use of a small portion of the ground at the east end of their lot 1 was appurtenant to lot 2, and they were bound to know that it would continue to be a necessary appurtenance thereto under their grantees as it had been during the years of defendants' ownership. If defendants wanted to terminate the use of the driveway over the rear of lot 1 as an appurtenance to lot 2, they could have done so effectively while they owned both lots. That was the time for them to do so. They could not do so of their own volition after they parted with the title without coming to terms with the owners of lot 2.

The pertinent law of such situation is quite simple. Whenever the owner of a tract of land chooses to divide and sell a part of it, and a way of access over the part he retains is necessary to the beneficial use of the part he sells, such a way of necessity will pass as an appurtenance to the part sold, without being expressly stated in the deed of conveyance, unless the situation of the part sold, or the purpose for which it is to be used or granted, shows that no such grant of a way of necessity was intended. (*Mead v. Anderson,* 40 Kan. 203, 19 Pac. 708.) A right to a way of necessity in behalf of the grantee of land over the adjacent land of his grantor is sustained on the principle that the grant of a thing is presumed to include, as an incident, whatever right the grantor had in connection with it, without which the thing granted would prove practically useless to the grantee. (*Whitehouse v. Cummings,* 83 Me. 91; 23 A. S. R. 756.) In the case just cited it was said:

"It results from a grant or reservation implied from the existing circumstances in which the grantee—or, in case of a reservation, the grantor—is thereby placed. When a landowner conveys a portion of his lot, the law will not presume it to have been the intention of the parties that the grantee shall derive no beneficial enjoyment thereof in consequence of its being inaccessible from the highway, or that the other portion shall, for like reason, prove useless to the grantor. This species of right of way, therefore, in the absence of anything to the contrary contained in the deed, becomes an incident to the grant indicative of the intention of the parties." (p. 97.)

In *Ferguson v. Ferguson,* 106 Kan. 823, 189 Pac. 925, an easement was denied, but the principle of law which governed the present judgment was therein recognized, where it was said:

"When an estate is severed without specific reference to easements for rights of way, *easements by implication* over the apportioned lands in favor of the other allottees only *arise where they necessarily and obviously must arise to give the allottees fair enjoyment of their several allotments."* (p. 826.)

The pertinent rule of law is thus stated in 19 C. J. 914:

"Where the owner of an entire tract of land or of two or more adjoining parcels employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. The use is continued in the grantee by operation of law, whether the creation of the quasi easement was by the act of the owner himself or by a tenant acting under his authority, and whether this severance is by voluntary alienation or by judicial proceedings."

While implied easements are less readily conceded nowadays than formerly, especially in rapidly growing urban communities (*Wilkins v. Diven,* 106 Kan. 283, 187 Pac. 665), yet where the beneficial use of the property conveyed by a grantor requires the continuance of the use of an already existing way of necessity over the remaining lands of the grantor, such implied easement or quasi easement passes as an appurtenance to the property conveyed. In *Powers v. Ward,* 200 Ky. 478, 34 A. L. R. 230, and note, the rule is thus stated:

"Where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous or apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easements, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication." (Syl. ¶ 1.)

See, also, *The John Hancock Mutual Life Insurance Company v. Patterson,* 103 Ind. 582; *McTavish v. Carroll,* 7 Md. 352; *Crosier v. Shack,* 213 Mass. 253; 9 R. C. L. 754-771.

It is suggested by defendants that access to the rear of the bakery building and oven on lot 2 did not altogether depend upon the fifteen-foot driveway across the east end of lot 1; that it was possible to carry in coal, flour and similar supplies by way of the front door of the bakery on Cherry street and on through the bake shop to the workroom and bake oven on the rear. But certainly it was neither practicable nor reasonable to do so. Coal, flour and other supplies are delivered to a bakery in wagon loads, not in arm loads. Nobody would buy lot 2 expecting to use the premises for what they were designed and equipped if the sole existing means of access by delivery wagons was altogether cut off.

Other matters urged in defendants' behalf have been duly noted. It should need no argument to show that defendants are not at all

in the situation of strangers to this lawsuit like the owner of lot 3 on the south and the proprietor of the school property to the east. Nor have we here a case concerning some claim to a right of way based on license nor on some controverted claim of right resting on parol or prescription. Two of the trial court's findings of fact read:

"7. There is no practical way of carrying fuel to the rear of said bakery except, through the driveway above described, and the closing of the same would practically destroy the use of said building and oven as a bakery and would greatly damage the value of the property. The use of said driveway is necessary for the reasonable enjoyment of the use of said property as a bakery.

"8. The driveway east of the post-office building was improved by placing cinders thereon, and during the ownership of Frank V. Ostrander and up to the time of the conveyance of said lot 2 to James W. Ostrander, and at all times since said driveway has been open, visible, and recognized as the only means of ingress and egress to the rear of said bakery for the purposes mentioned."

In their brief defendants say: "The evidence we have quoted seems to us quite the contrary." Mayhap the trial court discredited that evidence to the contrary. At all events the evidence inherent in the circumstances virtually required the trial court to find precisely as it did. We think the judgment of the trial court was eminently correct, and that the use of the narrow driveway at the rear of lot 1 was and is an appurtenance to the premises of lot 2 as conveyed by defendants to plaintiffs' predecessors in title.

But what shall we say concerning plaintiffs' cross appeal? It will be seen that the trial court's judgment was based, and properly so, upon the fact that for years the fifteen-foot driveway was used as a necessary appurtenance to the bakery establishment on lot 2 when both lots were held in common ownership and when the defendants conveyed lot 2 to plaintiffs' predecessor in title. There is a small part of lot 2 fronting Cherry street, next door south of the bakery, used for a barber shop. The latter has no imperative need for a way of access to the rear of lot 2. If or when plaintiffs' premises shall no longer be used as a bakery no excuse for subjecting any part of lot 1 to the use of lot 2 will exist. Therefore, the way of necessity would then cease to exist. The presumption that defendants intended that their grantee and his successors in title should reasonably enjoy the premises as they existed and according to their accustomed use at the time lot 2 was conveyed could not equitably be enlarged to include other uses not within the implied intention of

the parties at the time defendants conveyed the property to plaintiffs' predecessor in title. It thus appears that the trial court's limitations of the extent and duration of the injunction were proper.

The judgment is affirmed in all its parts.