No. 28,150.

J. C. WYATT, *Appellee,* v. C. V. MICKEY and DAN MICKEY, *Appellants.*

(271 Pac. 304.)

Opinion filed November 3, 1928.

*Bernard L. Sheridan, Frank M. Sheridan* and *Charles T. Meuser,* all of Paola, for the appellants.

*E. H. Coughlin* and *R. E. Coughlin,* both of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an injunction proceeding growing out of the sale of an oil and gas lease by J. C. Wyatt to the defend-

ants, C. V. Mickey and Daniel E. Mickey, for which the latter gave a check for $2,500, but later stopped payment thereof. When the action was begun a restraining order was issued on the verified petition of plaintiff enjoining the defendants from transferring or assigning any interest in the oil and gas lease, and also from transferring or assigning certain Liberty bonds held by one of the defendants of the value of $5,000. Motions were made by the defendants to set aside the restraining order, which, among other things, contained denials of the averments of the plaintiff's petition. Upon the final hearing on the motions the court refused to set aside the restraining order, and on the motion of plaintiff granted a temporary injunction upon the plaintiff's executing a bond to the defendants conditioned as provided by law in the sum of $1,000. Defendants appeal and allege that the court erred in refusing to set aside the restraining order; and second, in granting the temporary injunction.

The original petition filed October 11, 1927, set forth the sale of the lease to defendants for the sum of $2,500; that a check for the amount which was given to plaintiff by the defendants in payment thereof was dishonored and payment thereon stopped, for which a recovery was asked; that $1,000 was due to plaintiff for drilling costs and expenses and for fuel furnished; and further, plaintiff asked damages in the sum of $2,500 because he was prevented from selling the lease to another at a profit of that amount. Another cause of action was stated which referred to and made a part of the count, the preceding allegations, and further stated that defendants had no visible property subject to execution other than certain Liberty bonds claimed to be owned and possessed by the defendant, C. V. Mickey, of the value of $5,000 and the oil and gas lease in controversy. Plaintiff further alleged that he had a right to and did believe that C. V. Mickey would negotiate and transfer the Liberty bonds unless restrained by the court, and he therefore asked that the defendant C. V. Mickey be enjoined from assigning or transferring the Liberty bonds, and also from assigning or transferring the oil and gas lease which had been assigned and sold to defendants. An affidavit was attached to the petition, which stated that the allegations therein were true. A restraining order was issued as prayed for when the petition was filed. On November 1, 1927, each of the defendants filed a motion to set aside the restraining order on a number of grounds, among which were that the allegations and statements in

the petition did not warrant the issuance of the restraining order, and also that they were untrue, and further that plaintiff had a plain and adequate remedy at law. At the hearing of these motions and the right of plaintiff to a temporary injunction based on the pleadings and papers in the case, and the statements and arguments of counsel, the court on November 8, 1927, overruled the motions to vacate the restraining order and granted the temporary injunction, to be effective upon the giving of a bond.

After these rulings and on February 11, 1928, plaintiff, with leave of the court, filed a supplemental petition which elaborated some of the allegations, and stated among other things that when the check for $2,500 was presented and not paid, C. V. Mickey stated that he had $5,000 in Liberty bonds, and that if he could cash them he could pay the check, but that he was too old to take the chances, and that if plaintiff would loan him $2,500 he would give him a mortgage on the drilling rig and equipment which they held. It was further alleged that plaintiff served notice on defendants that unless the check was paid by October 10, 1927, suit would be brought against them, and on that day C. V. Mickey told the plaintiff he had disposed of his interest in the lease and was out of the oil business, and that his son Dan was the owner of the drilling rig and equipment. Plaintiff alleged that when the suit was brought he did not have authentic information as to the transfer of the lease which had been made to the wife of C. V. Mickey nor of the mortgage and sale of the drilling equipment to another, but that he did subsequently learn more of the details of the illegal transfers; and, because of the statements of the parties and their action, he had a right to believe that there are reasonable grounds for apprehending the transfer of the lease and the Liberty bonds.

No demurrers or answers were filed by the defendants challenging the sufficiency of the petition when the motions were heard and determined. The supplemental petition, as we have seen, was not filed when the orders were made, and hence the additional facts pleaded were not before the trial court when the decision was rendered and cannot be considered upon this review. The court had before it only the original petition and the motions of the defendants, and it is argued that the averments of the petition did not warrant the issuance of the temporary injunction. It is said by plaintiff that statements of facts were made when the motions

were argued corresponding to the additional averments in the supplemental petition, but these are not set forth in the abstract of the proceedings. The averments of the original petition, we think, are under the circumstances sufficient to warrant the granting of the order. In general it may be said that in the showing made for an injunction it is sufficient to make a *prima facie* case, and upon any proof of the facts which the allegations justify the court may in the exercise of its discretion grant a temporary injunction to maintain the *status quo* until the final trial on the merits. The petition set forth the sale and transfer of the lease for a certain sum, and that a worthless check was given in payment for it, and that defendants had stopped payment of the check. This action which operated as a fraud on plaintiff was plainly pleaded. Added to this averment, plaintiffs alleged that defendants had no visible property subject to execution other than the bonds owned and possessed by C. V. Mickey and the lease, and that plaintiff believed, and had a right to believe, that defendant would negotiate and transfer the property unless restrained and enjoined from doing so. The allegations, although meager, show the wrong and fraud of defendants in acquiring property with a worthless check, and that the proposed action to dispose of the property which they had would result in defeating a recovery by the ordinary processes of law. The transfer of the property, if not enjoined, would render ineffectual any judgment obtained against the defendants for the value of the lease and for the damages sustained by their wrong. It has been said:

"On an application for a preliminary injunction, it is not necessary that a case should be made out that would entitle complainant to relief at all events on the final hearing. If complainant has made out a *prima facie* case, or if from the pleadings and conflicting affidavits it appears to the court that a case is presented, proper for its investigation on a final hearing, a preliminary injunction may issue to maintain the *status quo*." (32 C. J. 351.)

The order was only a temporary injunction, and the defendants will have a final trial on the merits and upon evidence, where the parties will have a right to examine and cross-examine all witnesses. On the issue of a preliminary injunction, the rules of evidence are less strictly applied than in the final trial for a permanent injunction; and besides, on an application for a temporary injunction the court is vested with considerable discretion. In *Meade v. Anderson,* 40 Kan. 203, 19 Pac. 708, it was said:

"It has often been held by this court that the refusing or granting of a temporary injunction is largely in the discretion of the judge or court, and for that reason close and intricate questions will not be reviewed and the action of the court or judge reversed, unless it shall clearly appear that the judgment or order is erroneous. The reason for this is clear, that while a temporary injunction is granted, yet at the final hearing the court will more closely determine the rights of the parties, and then if it is found that the temporary injunction was improvidently granted, it will be dissolved, or not made perpetual." (p. 204.)

The petition to which the affidavit was attached in which the affiant swore positively that the allegations therein were true, was properly treated by the court as supporting evidence. We think the petition stated a cause of action sufficient to put the defendants on their defense, and under the allegations relating to the financial condition of the defendants, and that a judgment against them would be ineffectual, any legal remedy would have been inadequate and a resort to equity was justified. We conclude that there was no abuse of judicial discretion in granting the temporary injunction, and that the judgment of the trial court should be affirmed. It is so ordered.